UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT LEE SPEARS, individually and on )
behalf of the estate of David Van Spears, )
et al., )
                                 )
          Plaintiffs, )
                                 )
        vs. )           Case No. 4:13-CV-855 (CEJ)
                                 )
FRESENIUS MEDICAL CARE NORTH )
AMERICA, INC., et al., )
                                 )
          Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis). Defendants oppose remand and the issues are fully briefed. Also before the Court are defendants' motions to sever plaintiffs' claims and to stay all proceedings in this matter pending the transfer of this case to a multidistrict litigation (MDL) proceeding.

### I. Background

On April 10, 2013, plaintiffs filed this action in state court claiming that they, or their decedents, suffered injuries and death as a result of their use of GranuFlo® dialysis products. GranuFlo® is a dry-acid concentrate that provides patients with electrolytes and the pH balance that is normally provided by the kidneys. GranuFlo® products are marketed under the trade name "NaturaLyte GranuFlo Dry Acid Concentrate." They are developed, manufactured, promoted, and sold by the defendants.

On May 6, 2013, defendants removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs seek remand, arguing that this Court

lacks subject matter jurisdiction over this dispute because complete diversity is absent. Defendants are citizens of Massachusetts. Plaintiff Shirley Walles, who asserts claims against defendants arising from her late husband's exposure to GranuFlo®, is also a citizen of Massachusetts. Defendants argue that the claims of Walles and the other plaintiffs in this case are fraudulently misjoined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

## II.    Motion to Stay

Defendants urge the Court to stay all proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on their motion to transfer this case to the MDL proceeding captioned In re Fresenius Granuflo®/Naturalyte Dialysate Products Liability Litigation (No. 2428). However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." T.F. v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (quoting Tortola Rests., L.P. v. Kimberly-Clark Corp., 987 F.Supp. 1186, 1188-89 (N.D. Cal. 1997)). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." Id. This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the JPML before ruling on the motion to remand "would not promote the efficient administration of justice." Id. (quoting Stone v. Baxter Int'l, Inc., No. 4:08-CV-3201, 2009 WL 236116, at *2 (D. Neb. Jan. 30, 2009)); see also Valle v. Ethicon, Inc., No. 4:13-CV-798 (RWS) (E.D. Mo. Apr. 29, 2013). Accordingly, defendants' motion to stay will be denied.

## III.    Motion to Remand

### A.    Legal Standard

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Prempro, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

## B.    Discussion

The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent misjoinder. In Prempro, the court discussed the doctrine of fraudulent misjoinder:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction. Ronald A. Parsons, Jr., Should the Eighth Circuit Recognize Procedural Misjoinder?, 53 S.D. L.Rev. 52, 57 (2008).

<u>Prempro</u>, 591 F.3d at 620 (footnotes omitted).

In <u>Prempro</u>, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The <u>Prempro</u> court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even if the doctrine were applicable, the "plaintiffs alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." <u>Id.</u> at 622. In reaching this conclusion, the court considered that plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries. <u>Id.</u> at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." <u>Id.</u> (distinguishing <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'…").

In the instant case, defendants have not demonstrated that the joinder of a Massachusetts citizen with the other plaintiffs in this action "borders on a 'sham.'" <u>Prempro</u>, 591 F.3d at 624. As this Court has found in several recent cases, the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common

-4-

issues of law and fact connect plaintiffs' claims.  See, e.g., T.F. v. Pfizer, Inc., No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012) (Zoloft®); S.L. v. Pfizer, Inc., No. 4:12-CV-420 (CEJ) (E.D. Mo. Apr. 4, 2012) (Zoloft®); Douglas v. GlaxoSmithKline, LLC, No. 4:10-CV-971 (CDP), 2010 WL 2680308, at *2 (E.D. Mo. July 1, 2010) (Avandia®); Valle v. Ethicon, Inc., No. 4:13-CV-798 (RWS) (E.D. Mo. Apr. 29, 2013) (transvaginal mesh products).  Similarly, plaintiffs in this case have filed suit against defendants for injuries or death caused by the same product and arising out of the same development, distribution, marketing, and sales practices for that product, and common issues of law and fact are likely to arise in the litigation.

Defendants argue that each plaintiff's claim will depend upon unique factual determinations, that numerous different states' laws apply to plaintiffs' claims, and that plaintiffs' joinder was specifically calculated to defeat federal jurisdiction.  The Court finds these arguments unpersuasive.  Plaintiffs' claims need not arise from the same transaction or occurrence, nor must they share a common outcome, so long as common questions of law or fact are likely to arise in the litigation.  Prempro, 591 F.3d at 622-23.  Finally, "the bad faith referred to [in Prempro] must be something more than a desire to defeat federal jurisdiction."  Dickerson v. GlaxoSmithKline, LLC, No. 4:10-CV-972 (AGF), 2010 WL 2757339, at *2 (E.D. Mo. July 12, 2010) (citing Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir.1997)).

Plaintiffs were not egregiously joined in this suit, and, as such, there is no complete diversity of citizenship as required by 28 U.S.C. § 1332.  Therefore, this Court lacks subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #20] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendants' motion to sever plaintiffs' claims [Doc. #2] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to stay proceedings pending the decision of the JPML [Doc. #4] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2013.